UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                          )
                                               )
MAHENDRA R. MOOTOSAMMY,                        )    Case No. 6:07-bk-06553-KSJ
LILOUTI S. SEECHERAN,                          )    Chapter 7
                                               )
            Debtors.                           )
                                               )

MEMORANDUM OPINION GRANTING DEBTORS'
MOTION TO AVOID JUDICIAL LIEN AND PARTIALLY
OVERRULING CREDITOR'S OBJECTION TO DEBTORS' EXEMPTIONS

On October 4, 2007, L.W.T., Inc. ("LWT") obtained a Final Judgment against one of the debtors, Mahendra Mootosammy, in the amount of $8,399.28. LWT promptly recorded the judgment with the Florida Secretary of State and, on November 20, 2007, levied upon the debtors' otherwise unencumbered vehicle, a 2006 Ford Ranger. The Orange County Sheriff's Office noticed a sale of the truck for January 8, 2008; however, in the interim, the debtors filed this Chapter 13 reorganization case on December 17, 2007, effectively stopping the sale and requiring LWT to return the truck to the debtors (Doc. No. 27).

The debtors now seek to avoid the judicial lien held by LWT (Doc. No. 25). The debtors claim that, because they can exempt $6,000[1] of the value of the truck, which they value at $10,825,[2] LWT's judicial lien impairs these exemptions and is subject to avoidance pursuant to Section 522(f) of the Bankruptcy Code.[3] The debtors contend that, under any confirmed Chapter 13 reorganization plan, they must pay LWT only on its remaining secured claim calculated as the

---

[1] In the debtors' Schedule C, the debtors initially claimed exemptions of $9,815 in the 2006 Ford Ranger (Doc. No. 11). At the hearing before the Court, however, the debtors reduced their total claim of exemption to $6,000. Because the truck is titled in the name of Mr. Mootosammy only, they are claiming a $1,000 exemption for a motor vehicle under Section 222.25(1) of the Florida Statutes, a $1,000 personal property exemption under Article 10, Section 4(a) of the Florida Constitution, and a $4,000 personal property exemption under newly enacted Section 222.25(4) of the Florida Statutes.

[2] The debtors declared this amount to be the correct value of the truck on Schedules B and C and in the Motion to Avoid Judicial Lien (Doc. Nos. 11 and 25). LWT does not dispute this figure.

[3] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

difference between the claimed exempt amount, $6,000, and LWT's final judgment amount, $8,399.28, for a total remaining amount due under LWT's lien of approximately $2,399.28, plus any post-judgment interest and costs accruing prior to the filing of this bankruptcy case.

LWT opposes the avoidance of its judicial lien and objects to the debtors' claim of exemptions making two arguments.[4] First, the creditor contends that the debtors waived their right to claim *any* exemption in their truck insofar as they failed to comply with Section 222.061 of the Florida Statutes within 15 days after LWT levied on the truck. Second, they argue that, if the debtors are entitled to exempt any portion of the truck's value, Mootosammy is limited to a total personal property exemption of $4,000 under *both* the Florida Constitution and Section 222.25(4) of the Florida Statutes. LWT argument is that the debtors cannot claim both the $1,000 personal property exemption allowed in the Florida Constitution *and* the new $4,000 personal property exemption allowed in Section 222.25(4).

The debtors argue that they did not waive any exemptions in failing to take action in connection with the pre-petition levy of their truck. They also argue that they are entitled to a personal property exemption of $5,000 in the truck because they can "stack" the $1,000 Florida Constitution exemption with the new $4,000 statutory personal property exemption.[5]

Section 522(f) of the Bankruptcy Code provides debtors with the power to avoid judicial liens impairing exempt property. Specifically, Section 522(f)(1) provides in relevant part:

> . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--(A) a judicial lien, other than [for a domestic support obligation];

11 U.S.C. § 522(f)(1) (2007).

---

[4] On January 9, 2008, the debtors filed a Motion to Avoid Judicial Lien with LWT, Inc., pursuant to Section 522(f) of the Bankruptcy Code (Doc. No. 25). LWT responded on January 22, 2008, with its Objection to Debtors' Claim of Exemptions and Memorandum of Law in Opposition to Debtors' Motion to Avoid Judicial Lien (Doc. No. 31).

[5] LWT does not contest that the debtors are entitled to a $1,000 exemption in the truck under Section 222.25(1), if the Court finds the debtors did not waive their right to claim exemptions.

Debtors use this avoidance power to remove or avoid secured claims encumbering property of the debtor that would be exempt but for the existence of the creditor's lien. 4 Collier on Bankruptcy ¶ 511.11[1] (15th ed. rev. 2008). The purpose of the provision is to provide relief for an overburdened debtor and to avoid creditors racing to courthouses to place prepetition liens on property that would otherwise be exempt. In re Chiu, 304 F.3d 905, 908 (9th Cir. 2002); 125 A.L.R. Fed. 465 (1995). A debtor may avoid the fixing of a lien if three requirements are met: (1) a lien was affixed to an interest of the debtor in property; (2) the lien impairs an exemption to which the debtor would otherwise have been entitled; and (3) the lien is a judicial lien other than for a domestic support obligation. See In re Reichardt, 2006 WL 5239229, *2 (Bankr. M.D. Fla. 2006).

This case presents a relatively straightforward application of Section 522(f). Here, a lien in the amount of $8,399.28 attached to the debtors' interest in his 2006 Ford Ranger truck on November 20, 2007, when LWT levied on the automobile. The lien attached prior to the debtors' Chapter 13 filing on December 17, 2007. The lien clearly impairs the debtors' ability to claim an exemption of $6,000 of the value of the truck, which, but for the lien and the creditor's objections, the debtors otherwise are entitled to claim. Finally, the lien here is a judicial lien arising from a breach of contract action and not a domestic support obligation.

Pursuant to Section 522(f), the debtors may avoid the lien to the extent that it impairs their otherwise exempt property. Courts have interpreted Section 522(f)(1) to allow partial avoidance of a lien where, as here, the debtor's interest in the property exceeds their exemption amount. See In re Silveira, 141 F.3d 34 (1st Cir. 1998). In effect, the claimed exemption ($6,000) is first applied to the value of the truck ($10,825), then the creditor's lien "attaches" to the remaining un-exempt value of the property. The creditor receives an unsecured claim against the estate for the avoided portion of the lien.

The debtors' contention that LWT's lien should be reduced to $2,399.28 therefore is calculated incorrectly. The impairment is not the difference between the claimed exempt amount and the lien as the debtors assert. Rather, the debtors can exempt $6,000 from the total value of the truck ($10,825), leaving $4,825, not $2,399.28, subject to LWT's original lien of $8,399.28. As such, by partially avoiding LWT's lien and by utilizing their full claim exemptions of $6,000, LWT still would retain a secured lien on the truck of $4,825 and an unsecured claim of $3,574.28. The issue then is whether the debtors can claim the full $6,000 exemption in the truck.

An exemption once claimed by the debtor protects the debtor's interest in property, here a vehicle, from creditors. See 11 U.S.C. § 522. A debtor's claim of exemption is presumptively valid, unless a party in interest objects. 11 U.S.C. § 522(*l*). LWT, as the objecting party, has the burden of establishing by a preponderance of the evidence that the debtors' exemptions are not properly claimed. Fed. R. Bankr. Pro. 4003(c) (2005); In re Petit, 224 B.R. 834, 840 (Bankr. M.D. Fla. 1998). Exemptions are generally construed liberally in favor of the debtor whenever there is ambiguity. In re Stevenson, 374 B.R. 891, 894 (Bankr. M.D. Fla. 2007).

Here, LWT raises two objections to the debtor's claim of exemptions. First, LWT contends that the debtor waived any right to claim an exemption in his truck by failing to following the requirements of Section 222.061 of the Florida Statutes. Second, LWT contends the debtors' claimed exemption should be reduced by $1,000 because the debtors cannot claim both the $1,000 personal property exemption as provided in the Florida Constitution and the $4,000 personal property exemption granted in the recently enacted Section 222.25(4) of the Florida Statutes. Rather, LWT contends the debtors must include the $1,000 constitutional exemption in the $4,000 maximum allowed by the statutory exemption, thereby reducing the debtors' claimed exemptions by $1,000.

Florida law controls in deciding whether the debtor here can claim both the constitutional and the statutory personal property exemption. Debtors must claim exemptions either pursuant to the federal exemptions provided for in Section 522(d), or by state law exemptions if a state "opts out" of the federal exemption scheme. See 11 U.S.C. § 522(b). Florida has opted out of the federal bankruptcy exemption scheme, and a debtor filing for bankruptcy protection in Florida therefore must claim the exemptions provided by Florida's state law.[6]

Florida law includes two different ways to exempt personal property—one in the Florida Constitution and one by a recently enacted statute. Article X, Section 4(a)(2) of the Florida Constitution provides a blanket personal property exemption of $1,000:

> (a) There shall be exempt from forced sale . . . the following property owned by a natural person:
>
> . . . (2) personal property to the value of one thousand dollars.

FLA. CONST. ART. X, § 4 (the "Constitutional Personal Property Exemption"). Section 222.25(4) of the Florida Statutes provides a personal property exemption of an amount not to exceed $4,000 to debtors who do not receive any benefit from the homestead exemption. Fla. Stat. § 222.25(4) (2007) (the "Statutory Personal Property Exemption").

Because these debtors do not own any homestead property, they are entitled to claim the $4,000 Statutory Personal Property Exemption. LWT argues the debtors' *total* personal property exemption is capped at $4,000 because Section 222.25(4) of the Florida Statutes provides an exemption for the "debtor's interest in personal property, *not to exceed $4,000*[.]" (Emphasis added.) LWT argues the language of the statute encompasses the Constitutional Personal Property Exemption provided by Article X, Section 4 of the Florida Constitution. Nothing in the plain language of the statute supports this conclusion.

Bankruptcy courts are required to construe statutory language by employing the plain meaning or common ordinary meaning approach. In re Paschen, 296 F.3d 1203, 1207 (11th Cir.

---

[6] FLA. STAT. § 222.20 (2007).

2002); In re Porter, 182 B.R. 53, 55 (Bankr. M.D. Fla. 1994). Furthermore, "laws governing exemptions generally shall be liberally construed and broadly interpreted in favor of the claim of exemption, and strictly against the objecting party's claim[,]" In re Stevenson, 374 B.R. 891 (Bankr. M.D. Fla. 2007) (*citing* Tramel v. Stewart, 697 So.2d 821 (Fla. 1997) *and* Graham v. Azar, 204 So.2d 193 (Fla. 1967)).

Applying the plain meaning approach, nothing in the statute suggests that the statute intended to include the $1,000 amount referenced in the Constitutional Personal Property Exemption. The statute certainly references the constitutional exemption for homestead property but does not mention the Constitutional Personal Property Exemption. "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." Bates v. U.S., 522 U.S. 23 (1997) (internal quotations and markings omitted). Because the statute explicitly refers to the constitutional homestead exemption but does not mention the Constitutional Personal Property Exemption, the Legislature apparently did not intend for Section 222.25(4) to limit any other exemption, constitutional or otherwise.

Indeed, if LWT's argument were accepted, the debtors could not claim the additional $1,000 exemption allowed in the truck as permitted by Section 222.25(1) of the Florida Statutes. Because a vehicle certainly is personal property, if the new statute, 222.25(4), acted as a limit of $4,000 on *all* personal property exemptions, then both Section 222.25(1) and the Constitutional Personal Property Exemption would be subsumed with the $4,000 cap. Yet, LWT does not make this argument, nor would the Court find such an argument logical. Florida law provides at least *two* separate and distinct personal property exemptions: one constitutional and one statutory. An individual debtor may claim personal property of $5,000 exempt (assuming all other conditions are met) as well as use other Florida exemption provisions relating to personal property, such as Section 222.25(1) in automobiles. Unless specifically provided otherwise by statute or

constitution, each exemption is separately allowed, and the exemptions are cumulative or "stacked" one on top of the other.

This conclusion is supported by a plain reading of the statute and with the requirement that courts construe exemption statutes broadly. The actual language of the statute—"[a] debtor's interest in personal property, not to exceed $4,000"—is an unambiguous drafting choice used to provide a statutory personal property exemption of any amount up to and including, but not exceeding, $4,000.

Even if the plain language of the statute were deemed ambiguous, however, a sister Court recently considered this issue and found that, had the Florida Legislature intended Section 222.25(4) to constrain or limit the Constitutional Personal Property Exemption, such a statute would be unconstitutional. In re Bezares, 377 B.R. 413, 415 (Bankr. M.D. Fla. 2008). In Bezares, the Court found that such a cap would constitute an improper attempt to statutorily amend the Constitution of the State of Florida. Id. The Constitution of the State of Florida prohibits its amendment except by the method provided for in Article XI, Section 5. Id. The Bezares Court concluded that the Statutory Personal Property Exemption of Section 222.25(4) has the effect of augmenting the $1,000 Constitutional Personal Property Exemption by $4,000.

A debtor is permitted to claim *both* the Statutory Personal Property Exemption *and* the Constitutional Personal Property Exemption for a total of $5,000 in personal property exemptions. Absent waiver, debtors are permitted to "stack" the two exemptions, for a total combined exemption of $5,000 in personal property.[7] The debtor also may stack the $1,000 motor vehicle exemption for a total exemption amount of $6,000, barring any waiver.

---

[7] Bankruptcy courts have had occasion to review the "stackability" of exemptions in the past and found that two or more non-redundant exemptions may be added together to make a larger exemption. See e.g. In re Rasmussen, 349 B.R. 747 (Bankr. M.D. Fla. 2006) (finding jointly filing debtors were permitted to "stack" the federal homestead exemption of $125,000 for a total combined exemption of $250,000).

LWT next contends that, prior to filing their bankruptcy petition, the debtors waived their right to claim the $6,000 exemption because they failed to meet the procedural requirements set forth in Section 222.061 of the Florida Statutes, which sets forth a procedure for a debtor to assert exemptions in levied property:

> (1) When a levy is made . . . upon personal property which is allowed by law or by the State Constitution to be exempt from levy and sale, the debtor may claim such personal property to be exempt from sale by making, within 15 days after the date of the levy, an inventory of his or her personal property. The inventory shall show the fair market valuation of the property listed and shall have an affidavit attached certifying that the inventory contains a correct list of all personal property owned by the debtor in this state and that the value shown is the fair market value of the property. The debtor shall designate the property listed in the schedule which he or she claims to be exempt from levy and sale.
>
> (2) The original inventory and affidavit shall be filed with the court which issued the writ.

FLA. STAT. § 222.061(1) (1995).

LWT contends that, because the debtors failed to comply with this procedure requiring the filing of an inventory and affidavit within 15 days of the date of the levy, the debtors waived the later right to claim the truck as exempt in bankruptcy. In support of its waiver argument, LWT offers only a bare assertion that failure to adhere to Section 222.061's procedural requirements constitutes a constructive statutory waiver, and for support, cites one case which fails to support the proposition. LWT has not met the burden needed to overcome the presumption of validity of the debtor's claimed exemptions.

A 'waiver' is a legal term of art defined as "an intentional relinquishment or abandonment of a known right or privilege." Blanton v. State, --- So. 2d ---, 2008 WL 657832 (Fla. 2008). Here, no party argues that the debtor intentionally relinquished or abandoned his exemptions. Rather, LWT argues that the waiver occurred by virtue of the provision of the Section 222.061 and the debtor's acknowledged non-compliance.

Although statutory provisions certainly can affect an automatic waiver,[8] LWT has failed to show that Section 222.061 qualifies as such a statutory waiver. The statute does not mention waiver or explicitly provide that any waiver will occur if a debtor fails to follow the specified provisions. No Florida case gives effect to a statutory waiver of exemption where there was not an explicit provision of waiver in the statute at issue.

LWT relies instead on the decision of the Florida Supreme Court, <u>Johns v. May</u>, 402 So. 2d 1166 (Fla. 1981), as support for the proposition that a debtor constructively and permanently waives the right to claim any personal property exemption for a failure to timely meet Section 222.061(1)'s requirements. <u>Johns</u> does not support LWT's contention. <u>Johns</u> merely confirms the state's authority to enact procedures to specify how and when a debtor may claim the exemptions on levied property under state law.

In <u>Johns</u>, the debtor failed to file the statutorily required inventory and affidavit forms needed to claim exemptions on his car until five days after the statutory period.[9] The state courts held that, because the debtor did not timely claim his Constitutional Personal Property Exemption, the sheriff's sale could proceed. The issue before the Florida Supreme Court was whether a statute could procedurally alter a debtor's right to claim a constitutional right. The Florida Supreme Court found, although not expressly allowed by the Florida Constitution, there *was* a rational basis for establishing a procedure and time frame that permitted an "orderly mechanism for the holding of a sheriff's sale." <u>Id.</u> at 1169. The Court was concerned that, lacking the structure imposed by the statutory time limit, a debtor "could [disruptively] wait until the day of the sale before claiming his exemption." <u>Id.</u> Thus, the Court found the time limit to be

---

[8] <u>See e.g.</u> <u>In re Home and Housing of Dade County, Inc.</u>, 220 B.R. 492 (Bankr. S.D. Fla. 1998) (statute at issue explicitly provided "failure to make application when required [for a homestead tax exemption]. . . shall constitute a waiver of the exemption privilege for that year") (emphasis added); <u>Blake v. Miami Jewish Home and Hospital for Aged, Inc.</u>, 361 So. 2d 797 (Fla. App. 3rd 1978) (interpreting same statute as <u>Home</u> to reach same result).

[9] The creditor levied on the debtor's car on November 20, 1979. The debtor did not file the required paperwork until December 10, 1979, and was barred by Section 222.06(1) (1979) (a prior revision of Section 222.061) from raising the exemption to stop the sheriff's auction.

essential: "[w]ithout such a standardized procedure, it is difficult to imagine how this constitutional right could be effectuated." Id.

The Johns case simply does not support LWT's waiver argument. First, the case does not implicate federal bankruptcy law or a debtor's right to utilize exemptions allowed under the Bankruptcy Code but, instead, in Johns, the debtor was attempting to assert a state law exemption to stop a state-scheduled sheriff's sale beyond the filing deadline. The Florida Supreme Court merely held that the time requirements were enforceable and the sale could continue. Second, the Johns Court never discusses *waiver* of the exemption right, finding only that the debtor could not untimely interpose a claim of exemption to prevent a properly scheduled sheriff's sale. Here, of course, no sheriff's sale could go forward due to the debtors' intervening bankruptcy filing.

Florida law is well established that a debtor does not waive any exemption to personal property subject to a levy, unless and until an actual sale occurs. McMichael v. Grady, 15 So. 765, 768-769 (1894) (holding debtor "could not effect such a waiver by . . . mere negative silence, or failure to act"). McMichael states clearly, "[w]hen [a forced] sale is attempted, then, no matter when it may be, the [debtor] can call upon the proper courts to apply the shield that the constitution guaranties to him." Id. at 768. LWT seems to attempt to distinguish McMichael without naming the case.[10] LWT could not have failed to note the significance of this case, which is cited in Johns[11] as well as in the annotations to Section 222.061[12] – the two authorities cited by LWT. The Johns Court acknowledged its holding in McMichael by first citing that case

---

[10] LWT's Objection to Debtors' Claim of Exemptions and Memorandum of Law in Opposition to Debtors' Motion to Avoid Judicial Lien states ". . . the Florida Supreme Court stated that although it had previously held that a personal property exemption claim . . . could not be defeated by laches . . . these decisions were prior to the enactment of Section 222.06(1)." (Doc. No. 31 at page 6 of 9). The reference to laches is clearly a reference to McMichael, which was cited in Johns for the proposition that the constitutional exemption cannot be defeated by laches. 402 So. 2d. at 1169.

[11] Johns cites McMichael for the proposition that the constitutional exemption cannot be defeated by laches. 402 So. 2d. at 1169.

[12] McMichael is referenced at note 10 of F.S.A. § 222.061 (1995) under the heading, "Waiver."

and then refraining from holding any waiver would occur. By failing to explicitly distinguish or otherwise set apart McMichael, LWT fails to bear the burden of proving the debtors' exemption is invalid.

The plain language of Section 222.061 does not provide a debtor permanently and irrevocably waives forever their right to claim an exemption in a later filed bankruptcy case by missing a procedural filing deadline after a single notice of levy. Rather, Section 222.061 provides that an untimely claim of exemption cannot stop a sheriff's sale, which is no longer a possibility after a bankruptcy case is filed.

Section 222.061 specifies the procedures required to be followed to claim personal property exemptions in anticipation of a sheriff's sale of levied property but is not relevant if an intervening bankruptcy case is filed before a forced sale had occurred. Of course, if the sheriff had sold the debtor's truck *before* the debtors filed this bankruptcy petition, Section 222.061 would have controlled. Upon the filing of the bankruptcy, however, federal not state law controls, and federal law would preempt the enforcement of the procedures set forth in the state statute. For example, consider the situation where a debtor filed a bankruptcy case 10 days after a levy occurred. Would Florida Statute 222.061 require that debtor to file an inventory and affidavit with the state court within the remaining five days of the state period? The obvious answer is no, because federal bankruptcy law, not state procedural law controls, upon the filing of a bankruptcy case. This is consistent with long-standing policy for the bankruptcy court to construe constitutional exemptions liberally in favor of debtors and strictly against the objecting party's claim. See Stevenson, 374 B.R. at 894.

The debtor's non-compliance in this case with the requirements of Section 222.061 therefore is irrelevant and does not cause the debtor to waive or forfeit his right to claim exemptions in his truck. LWT has failed to carry its burden of proving by a preponderance of the evidence that the debtors are not entitled to claim the exemption in the truck.

LWT's objection to the debtor's claim of exemptions is overruled (Doc. No. 31). The debtor's motion to avoid LWT's lien is partially granted (Doc. No. 25). The debtor may avoid a portion of LWT's lien in the amount of $3,574.28 but will retain a secured, unavoided lien in the amount of $4,825 encumbering the truck. LWT shall have an unsecured claim of $3,574.28 for the avoided portion of its lien. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on March 31, 2008.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtors: Mahendra R. Mootosammy and Lilouti S. Seecheran, 9814 Downey Cove Drive, Orlando, FL 32825

Debtors' Attorney: Richard R. Baker, 1355 Orange Avenue, Suite 3, Winter Park, FL 32789

Chapter 13 Trustee: Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL 32790-3450

Creditor: L.W.T. Inc., c/o Steven R. Braten, Esq., 25 Seabreeze Avenue, Suite 400, Delray Beach, FL 33483

Orange County Sheriff's Office, c/o Sgt. Fred Westerberg, 425 N. Orange Avenue, Suite 240, Orlando, FL 32801